**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York
(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  SingleHop, LLC

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  32-0374340

4. **Debtor's address**

   **Principal place of business**
   141 West Jackson Blvd.
   Number    Street
   Suite 1510A
   
   Chicago        IL    60604
   City           State  ZIP Code

   Cook County
   County

   **Mailing address, if different from principal place of business**
   _____
   Number    Street
   _____
   P.O. Box
   _____
   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**
   9333 W Grand Ave.
   Number    Street
   _____
   Franklin Park    IL    60131
   City             State  ZIP Code

5. **Debtor's website (URL)**  inap.com

6. **Type of debtor**
   ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor   SingleHop, LLC
          Name                                                                                   Case number (if known) _____

7. **Describe debtor's business**

   A. *Check one:*
   
   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ☑ None of the above

   B. *Check all that apply:*
   
   ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .
   
   5  4  1  5

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   *Check one:*
   
   ☐ Chapter 7
   ☐ Chapter 9
   ☑ Chapter 11. *Check all that apply*:
   
   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
   
   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
   
   ☑ A plan is being filed with this petition.
   
   ☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
   
   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
   
   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   
   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
   
   If more than 2 cases, attach a separate list.
   
   ☑ No
   ☐ Yes.  District _____  When _____  Case number _____
                                          MM / DD / YYYY
           District _____  When _____  Case number _____
                                          MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**
    
    List all cases. If more than 1, attach a separate list.
    
    ☐ No
    ☑ Yes.  Debtor  See attached list _____  Relationship _____
            District _____  When _____
                                                          MM / DD / YYYY
            Case number, if known _____

Debtor  __SingleHop, LLC_____   Case number *(if known)*_____
           Name

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
           Number      Street

_____

_____  _____  _____
City                                         State     ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
      Contact name   _____
      Phone          _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☑ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☑ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

Debtor  SingleHop, LLC
        Name

Case number (if known) _____

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   03/16/2020
              MM / DD / YYYY

✗ /s/ Michael T. Sicoli                        Michael T. Sicoli
Signature of authorized representative of debtor   Printed name

Title  President and CFO

**18. Signature of attorney**

✗ /s/ Dennis F. Dunne                          Date   03/16/2020
Signature of attorney for debtor                      MM / DD / YYYY

Dennis F. Dunne
Printed name

Milbank LLP
Firm name

55 Hudson Yards
Number     Street

New York                                       NY      10001
City                                           State   ZIP Code

(212) 530-5000                                 ddunne@milbank.com
Contact phone                                  Email address

2414373                                        NY
Bar number                                     State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

## Schedule 1

**Pending Bankruptcy Cases Filed by the Debtors in this Court**

On the date hereof, each of the affiliated entities listed below (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, in the United States Bankruptcy Court for the Southern District of New York. Contemporaneously herewith, the Debtors are filing a motion requesting the joint administration of these chapter 11 cases for procedural purposes only under the case number assigned to Number Holdings, Inc.

1. DataGram, LLC
2. Hosting Intellect, LLC
3. Internap Connectivity LLC
4. Internap Corporation
5. Internap Technology Solutions Inc.
6. SingleHop, LLC
7. Ubersmith, Inc.

## CERTIFICATE

Date: March 15, 2020

    I, Richard Diegnan, the undersigned Secretary of Internap Corporation, the sole member ("Sole Member") of SingleHop LLC, a limited liability company organized and existing under the laws of the State of Delaware (the "Company"), hereby certify as follows:

    1.    I am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of the Company.

    2.    Attached hereto is a true and correct copy of the resolutions of the Sole Member of the Company, without exhibits, duly adopted by the Sole Member on March 15, 2020.

    3.    Such resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof. There exists no other subsequent resolution of the Board relating to the matters set forth in the resolutions attached hereto.

    **IN WITNESS WHEREOF,** the undersigned has executed this Certificate as of the date first written above.

Internap Corporation

By: _____
Name: Richard Diegnan
Title: Secretary

Being the Sole Member of the Company.

# RESOLUTIONS
# OF THE SOLE MEMBER OF

# SINGLEHOP, LLC

**March 15, 2020**

The sole member (collectively, the "Sole Member") of SingleHop, LLC a limited liability company organized and existing under the laws of the State of Delaware (the "Company"), hereby adopt the following resolutions (these "Resolutions").

**WHEREAS**, the Sole Member of the Company has considered the liquidity, financial and operational condition, including capital resources, and sources and uses of cash, of the Company and its subsidiaries and affiliates and its current lending arrangements in respect to meeting the Company's short-term liquidity needs;

**WHEREAS**, the Sole Member has reviewed the historical performance and results of the Company, the market in which the Company operates, its current, short-term and long-term future liquidity needs, its business prospects, and its current and long-term liabilities;

**WHEREAS**, the Sole Member has considered and evaluated other lending arrangements and sources of liquidity in meeting the Company's short-term liquidity needs;

**WHEREAS**, the Sole Member has reviewed the materials presented by its financial, legal, and other advisors and have engaged in numerous and extensive discussions (including, without limitation, with its management and such advisors) regarding, and have had the opportunity to fully consider, the Company's financial condition, including its capital resources and uses of cash, liabilities and liquidity position, the strategic alternatives available to it, the impact of the foregoing on the Company's business and operations, and the advisability of entering into restructuring arrangements;

**WHEREAS**, the Company and certain of its affiliates (together, the "Restructuring Parties") and certain of the Company's lenders under the Credit Agreement have entered into the Restructuring Support Agreement (the "RSA"), which agreement contemplates a comprehensive restructuring of the Restructuring Parties' capital structure on the terms set forth therein;

**WHEREAS**, pursuant to the direction of the Sole Member, the Company's management and advisors engaged in good-faith negotiations with the Consenting Creditors (as defined in the RSA) over the terms of the *Joint Prepackaged Chapter 11 Plan of Reorganization of Internap Corporation and Its Affiliated Debtors in Possession* (as may be amended, modified, or supplemented, the "Plan");

**WHEREAS**, the Sole Member, based on its business judgment and acting in the best interests of the Company, its creditors, and other parties in interest, approved the Plan and disclosure statement related thereto for solicitation of votes from the holders of the Consenting Lenders (as defined in the RSA) entitled to vote on the Plan and for filing with the United States

Bankruptcy Court for the Southern District of New York, if and when appropriate, and solicitation of the Plan is expected to commence on March 15, 2020;

**WHEREAS** the Company has considered the importance of retaining outside advisors during the restructuring process; and

**WHEREAS**, the Sole Member has determined that taking the actions set forth below are advisable and in the best interests of the Company and, therefore desire to approve the following resolutions:

## Approval of Chapter 11 Case

**BE IT RESOLVED** that the Sole Member has determined that it is desirable and in the best interests of the Company and its respective creditors, equity holders, employees, and other parties-in-interest that the Company file or cause to be filed a voluntary petition (a "Voluntary Petition") for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the Chapter 11 Case (as defined below);

**BE IT FURTHER RESOLVED** that the Sole Member has determined that it is desirable and in the best interests of the Company and its respective creditors, equity holders, employees, and other parties-in-interest that the Company file or cause the Plan to be filed, along with the Voluntary Petition;

**BE IT FURTHER RESOLVED** that each manager, member, officer, or director of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, be, and each of them hereby is, authorized, empowered, and directed to execute and file, or cause to be filed, with the bankruptcy court, for the Company, all petitions, schedules, lists, motions, applications, pleadings, and any other necessary papers or documents, including any amendments thereto, and to take any and all action and perform any and all further deeds that they deem necessary or proper to obtain chapter 11 bankruptcy relief or in connection with the chapter 11 case of the Company (the "Chapter 11 Case"), with a view to the successful prosecution of such Chapter 11 Case;

## Approval of Debtor in Possession Financing

**BE IT FURTHER RESOLVED** that, the Authorized Persons, and any employees or agents (including counsel) designated by or directed by any such persons, be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to, if the Authorized Persons determine it to be necessary or appropriate, enter into senior, secured, super-priority debtor in possession credit facilities, including the credit facilities contemplated by that certain Debtor-In-Possession Credit Agreement, dated on or about the date hereof, by and among the Company, as borrower, the guarantors party thereto, Jefferies Finance LLC, as administrative agent and collateral agent (the "Agent") and the lenders party thereto (the "Lenders"), in each case, in substantially the form as presented to the Directors (the "DIP Credit Facilities"), and any related documents or instruments, each on terms and conditions agreed to by the Company, the Lenders and the Agent and such other terms as are customary for similar debtor-in-possession facilities and to cause the Company to grant a senior security interest in substantially all of its assets in connection therewith, and to undertake any and all related transactions contemplated thereby;

2

**BE IT FURTHER RESOLVED** that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to, if the Authorized Persons determine it to be necessary or appropriate, cause to be prepared, to negotiate, execute, and deliver, and the Company is hereby authorized to perform its obligations and take the actions contemplated under, the DIP Credit Facilities and such other documents, agreements, guaranties, instruments, financing statements, notices, undertakings, other loan documents promissory notes, term sheets, fee letters, control agreements, landlord agreements, pledge agreements, assignments, stock powers, intellectual property filings and recordations, letters of credit, certificates, powers of attorneys, consents, waivers, other security documents and any other necessary or appropriate agreement, instrument, document or certificates related to the DIP Credit Facilities (the "DIP Documents") each containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by the Authorized Persons, and any amendments, restatements, amendments and restatements, supplements, or other modifications thereto, in each case with such changes therein and additions thereto as shall be deemed necessary, appropriate, or advisable by any Authorized Person executing the same in the name and on behalf of the Company, such approval to be evidenced conclusively by such execution;

**BE IT FURTHER RESOLVED** that the Company, as debtor and debtor in possession under the Bankruptcy Code, be authorized, empowered, and directed to (i) negotiate and obtain the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees of, and security interests in, mortgage, pledge and grant liens on and claims against the Company's assets as security or otherwise in connection with the DIP Documents as may be contemplated by or required under the terms of cash collateral agreements or other similar arrangements, in such amounts as is reasonably necessary for the continuing conduct of the affairs of the Company in the Chapter 11 Case and any of the Company's affiliates who may also, concurrently with the Company's petition, file for relief under the Bankruptcy Code and (ii) in the Company's capacity, as shareholder, member, manager or owner of any other borrower or guarantor, execute and deliver such votes, consents, waivers or other approvals of certifications as are necessary or desirable to cause or permit any such borrower or guarantor to enter into and consummate the foregoing and the other matters contemplated by these Resolutions; and that any Authorized Person of the Company be, and each of them hereby is, authorized and empowered in the name and on behalf of the Company to enter into and perform its obligations under and as set forth in the DIP Documents; and that any Authorized Person of the Company be, and each of them hereby is, authorized and empowered in the name and on behalf of the Company, to execute (manually or by electronic signature) and deliver such DIP Documents, with such changes, additions and deletions as any Authorized Person may approve and on such terms as any Authorized Person deems necessary or desirable;

**BE IT FURTHER RESOLVED** that each Authorized Persons be, and hereby is, authorized, directed and empowered, either jointly or severally, for and on behalf of and in the name of the Company to cause the Company and its subsidiaries to pledge, mortgage or otherwise grant security interests in, and liens upon the any or all of the assets and properties, real and personal, now owned or hereafter acquired by the Company and its subsidiaries, including, without limitation, any capital stock, membership interests or other ownership interests owned by the Company or any subsidiary in any corporations, limited liability companies or other entities, as may now or from time to time be required in connection with an increase to the Company's existing

3

term loan facility in an aggregate principal amount up to $5,000,000 (the "Bridge Loan Facility") now existing or hereafter arising or acquired (collectively, the "Collateral"), as applicable, and all proceeds of the Collateral to secure payment and performance by the Company of its obligations under the DIP Documents and such other obligations that are required to be secured under the DIP Documents and take such further action to maintain and perfect such liens and otherwise necessary to effect the purposes of the DIP Documents;

**BE IT FURTHER RESOLVED**, that each Authorized Officer be, and hereby is, authorized, directed and empowered, either jointly or severally, for and on behalf of and in the name of the Company, to cause the Company's subsidiaries to enter into subsidiary guarantees of the payment by the Company of all amounts due with respect to the DIP Documents and the performance by the Company of its obligations under the DIP Documents and such other obligations that such subsidiaries are required to guaranty;

**BE IT FURTHER RESOLVED** that the Company will receive substantial direct and indirect benefits from the loans and other financial accommodations to be made under the DIP Credit Facilities to the Company and its affiliates;

### Approval of the Retention of Advisors

**BE IT FURTHER RESOLVED** that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed to employ the law firm of Milbank LLP as general bankruptcy counsel to represent and advise the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations, including filing any pleadings in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Milbank LLP;

**BE IT FURTHER RESOLVED** that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed to employ the firm of FTI Consulting, Inc. as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of FTI Consulting, Inc.;

**BE IT FURTHER RESOLVED** that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed to employ the firm of Moelis & Company as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause

to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Moelis & Company;

**BE IT FURTHER RESOLVED** that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed to employ the firm of Prime Clerk LLC as notice, claims, and balloting agent to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Prime Clerk LLC;

**BE IT FURTHER RESOLVED** that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed to employ the law firm of Jenner & Block LLP as special corporate counsel; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Jenner & Block LLP;

**BE IT FURTHER RESOLVED** that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed to employ the firm of Deloitte LLP as tax consultants; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Deloitte LLP;

**BE IT FURTHER RESOLVED** that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed to employ the law firm of Potomac Law Group, PLLC as special regulatory counsel; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be executed and filed an appropriate application with the bankruptcy court for authority to retain the services of Potomac Law Group, PLLC

**BE IT FURTHER RESOLVED** that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed to employ any other professionals, including attorneys, accountants, and tax advisors, necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 Case, and cause to be executed and filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary;

**Other Authorization and Ratification**

**BE IT FURTHER RESOLVED** that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to prosecute the Chapter 11 Case in a manner that in their business judgment is likely to maximize the recovery for stakeholders in the Company and minimize the obligations incurred by the Company;

**BE IT FURTHER RESOLVED** that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such person shall be or become necessary, proper, and desirable to prosecute to a successful completion the Chapter 11 Case, including, but not limited to, implementing the foregoing Resolutions and the transactions contemplated by these Resolutions;

**BE IT FURTHER RESOLVED** that Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing Resolutions;

**BE IT FURTHER RESOLVED** that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these Resolutions were certified, are hereby in all respects approved and ratified; and

**BE IT FURTHER RESOLVED** that, to the extent the Company serves as the sole member, managing member, general partner or other governing body (the "Controlling Company") of any other company (a "Controlled Company"), each Authorized Person of the Controlling Company, any one of whom may act without the joinder of any other Authorized Person, be, and each of them hereby is, severally authorized, empowered and directed in the name and on behalf of the Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Company that an Authorized Person is herein authorized to take on behalf of the Controlling Company.

| Fill in this information to identify the case: | |
|---|---|
| Debtor Name: Internap Technology Solutions Inc. *et al.* | |
| United States Bankruptcy Court for the: Southern District of New York | ☐ Check if this is an amended filing |
| Case number (if known): _____ | |

Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders[1]**    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Burr Computer Environments, Inc<br>Chip Beaver<br>10400 Rodgers Road<br>Houston, TX 77070 | Burr Computer Environments, Inc<br>Chip Beaver<br>PHONE: 281-374-8644<br>FAX: 281-374-8992<br>EMAIL: chip.beaver@bcei.com | Trade debt | | $3,090,336.76 | | $3,090,336.76 |
| 2 | Trace3 Inc<br>Cori Garcia<br>7565 Irvine Center Drive<br>Suite #200<br>Los Angeles, CA 90084-7467 | Trace3 Inc<br>Cori Garcia<br>PHONE: 720-668-6484<br>FAX: 949-333-2400<br>EMAIL: cgarcia@trace3.com | Trade debt | | $969,744.01 | | $969,744.01 |
| 3 | Zayo Group<br>Stephen Tarr<br>6606 LBJ Freeway<br>Dallas, TX 75240 | Zayo Group<br>Stephen Tarr<br>PHONE: 817-239-3455<br>EMAIL: Stephen.Tarr@zayo.com | Trade debt | | $849,546.11 | | $849,546.11 |

---

[1] On a consolidated basis. The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

Debtor <u>Internap Technology Solutions Inc. *et al.*</u>     Case number (if known) _____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 4 | Equinix Inc<br>Andrew Hirschfeld<br>302 Knights Run Avenue<br>Suite 700<br>Tampa, FL 33602 | Equinix Inc<br>Andrew Hirschfeld<br>PHONE: 813-207-7119<br>EMAIL: ahirschfeld@equinix.com | Trade debt | | $769,572.52 | | $769,572.52 |
| 5 | GI TC Seattle LLC<br>Tony Lin<br>188 The Embarcadero<br>Suite 700<br>San Francisco, CA 94105 | GI TC Seattle LLC<br>Tony Lin<br>PHONE: 415-688-4818<br>FAX: 415-688-4801<br>EMAIL: tony@gipartners.com | Trade debt | | $476,849.57 | | $476,849.57 |
| 6 | Akamai Technologies Inc<br>Jason Boland<br>8 Cambridge Center<br>Cambridge, MA 02142 | Akamai Technologies Inc<br>Jason Boland<br>PHONE: 312-800-4107<br>FAX: 617-444-3001<br>EMAIL: jboland@akamai.com | Trade debt | | $428,514.56 | | $428,514.56 |
| 7 | Dell Marketing LP<br>Michael Weldon<br>One Dell Way<br>Round Rock, TX 78682 | Dell Marketing LP<br>Michael Weldon<br>PHONE: 770-906-1696<br>EMAIL: Michael.Weldon@Dell.com | Trade debt | | $324,784.11 | | $324,784.11 |
| 8 | XO Communications Inc<br>Jen Godboldt<br>455 Duke Dr<br>Franklin, TN 37067 | XO Communications Inc<br>Jen Godboldt<br>PHONE: 615-481-5105<br>EMAIL: jennifer.godboldt@verizon.com | Trade debt | | $290,685.54 | | $290,685.54 |
| 9 | Digital Realty Trust<br>Daniel Lane<br>2121 South Price Road<br>Chandler, AZ 85286 | Digital Realty Trust<br>Daniel Lane<br>PHONE: 415-848-9308<br>EMAIL: dlane@digitalrealty.com | Trade debt | | $271,425.68 | | $271,425.68 |
| 10 | CPUS West Frye Road, LP<br>Andi St. John<br>2575 East Camelback Road<br>Suite 500<br>Phoenix, AZ 85016 | CPUS West Frye Road, LP<br>Andi St. John<br>PHONE: 602-735-5622<br>EMAIL: Andist.john@cbre.com | Trade debt | | $244,306.99 | | $244,306.99 |

Official Form 204     **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims**

Debtor <u>Internap Technology Solutions Inc. *et al*.</u>    Case number (if known) _____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 | Lightower Fiber Networks<br>Kim Donohue<br>80 Central Street<br>Boxborough, MA 01719 | Lightower Fiber Networks<br>Kim Donohue<br>PHONE: 617-285-8482<br>EMAIL: kdonohue@lightower.com | Trade debt | | $242,807.49 | | $242,807.49 |
| 12 | Salesforce.com<br>Mallory Atkinson<br>950 East Paces Ferry Rd, NE #2800<br>Atlanta, GA 30326 | Salesforce.com<br>Mallory Atkinson<br>PHONE: 404-951-6710<br>EMAIL: matkinson@salesforce.com | Trade debt | | $230,591.70 | | $230,591.70 |
| 13 | Verizon<br>Kyle Dennis<br>1 Verizon Way<br>Basking Ridge, NJ 07920 | Verizon<br>Kyle Dennis<br>PHONE: 201-602-7915<br>EMAIL: kyle.dennis@verizon.com | Trade debt | | $220,651.28 | | $220,651.28 |
| 14 | Redwood DC Assets LLC<br>Kim Donohue<br>251 Little Falls Drive<br>Wilmington, DE 19808 | Redwood DC Assets LLC<br>Kim Donohue<br>PHONE: 617-285-8482<br>EMAIL: kdonohue@lightower.com | Trade debt | | $217,364.18 | | $217,364.18 |
| 15 | CenturyLink<br>Michael Speers<br>700 W Mineral Ave<br>Littleton, CO 80120 | CenturyLink<br>Michael Speers<br>PHONE: 720-387-3562<br>FAX: 303-566-1005<br>EMAIL: michael.speers@centurylink.com | Trade debt | | $204,817.66 | | $204,817.66 |
| 16 | Fusion WorldWide<br>George Denoncourt<br>One Marina Park Drive<br>Suite 305<br>Boston, MA 02210 | Fusion WorldWide<br>George Denoncourt<br>PHONE: 617-502-4125<br>FAX: 617 502-4137<br>EMAIL: gdenoncourt@fusionww.com | Trade debt | | $194,664.00 | | $194,664.00 |
| 17 | Radware<br>Helen Simpson<br>575 Corporate Drive<br>Lobby 2<br>Mahwah, NJ 07430 | Radware<br>Helen Simpson<br>PHONE: 201-512-9771<br>FAX: 201-512-9774<br>EMAIL: HelenS@Radware.com | Trade debt | | $190,994.00 | | $190,994.00 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims**

Debtor <u>Internap Technology Solutions Inc. *et al*.</u>                                            Case number (if known) _____
          Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | Connecticut General Life Insurance Co. Deanna McNabb 900 Cottage Grove Road Hartford, CT 06152 | Connecticut General Life Insurance Co. Deanna McNabb PHONE: 423-954-5293 EMAIL: deanna.mcnabb@cigna.com | Benefits Provider | | $188,274.36 | | $188,274.36 |
| 19 | SHI International Corp Sheena Ohrman 290 Davidson Avenue Somerset, NJ 08873 | SHI International Corp Sheena Ohrman PHONE: 813-434-0285 FAX: 732-764-8889 EMAIL: Sheena_Ohrman@shi.com | Trade debt | | $184,988.46 | | $184,988.46 |
| 20 | Global Telecom & Technology Inc & Subsidiaries (GTT Inc) Terry Burka 251 Little Falls Drive Wilmington, DE 19808 | Global Telecom & Technology Inc & Subsidiaries (GTT Inc) Terry Burka PHONE: 646-722-3021 EMAIL: Terry.burka@mapletree.com.sg | Trade debt | | $170,652.91 | | $170,652.91 |
| 21 | Direct Energy Marketing Inc dba Direct Energy Business Michael Ripper 1001 Liberty Avenue Pittsburgh, PA 15222 | Direct Energy Marketing Inc dba Direct Energy Business Michael Ripper PHONE: 800-830-5923 EMAIL: michael.ripper@directenergy.com | Trade debt | | $168,403.40 | | $168,403.40 |
| 22 | Data Hardware Depot John McGonagle 506 Chapala St. Santa Barbara, CA 93101 | Data Hardware Depot John McGonagle PHONE: 860-944-3985 EMAIL: john@dhd.com | Trade debt | | $142,850.63 | | $142,850.63 |
| 23 | Yancey Bros. Co. Beth Tower 259 Lee Industrial Blvd Austell, GA 30168 | Yancey Bros. Co. Beth Tower PHONE: 877-926-2398 FAX: 770-941-2411 EMAIL: beth_tower@yanceybros.com | Trade debt | | $138,801.60 | | $138,801.60 |
| 24 | American Express Co Melissa Lewis 18850 N 56th St Phoenix, AZ 85054 | American Express Co Melissa Lewis PHONE: 623-492-4853 EMAIL: Melissa.R.Lewis@aexp.com | Trade debt | | $128,307.95 | | $128,307.95 |

Official Form 204        **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims**

Debtor Internap Technology Solutions Inc. *et al.*   Case number (if known) _____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | Allied Universal Security Services<br>Sharon Underwood<br>1438 West Peachtree St.<br>Suite 100<br>Atlanta, GA 30309 | Allied Universal Security Services<br>Sharon Underwood<br>PHONE: 603-998-4746<br>FAX: 404-541-9899<br>EMAIL: sharon.underwood@abm.com | Trade debt | | $127,095.65 | | $127,095.65 |
| 26 | Servicenow, Inc<br>Jason Babson<br>2225 Lawson Lane<br>Santa Clara, CA 95054-3311 | Servicenow, Inc<br>Jason Babson<br>PHONE: 603-998-4746<br>EMAIL: Jason.Babson@servicenow.com | Trade debt | | $122,910.00 | | $122,910.00 |
| 27 | Alert Logic Inc<br>Rhetta Bobo<br>1776 Yorktown St.<br>Houston, TX 77056 | Alert Logic Inc<br>Rhetta Bobo<br>PHONE: 703-628-3077<br>FAX: 713.660.7988<br>EMAIL: rhetta.bobo@alertlogic.com | Trade debt | | $118,266.90 | | $118,266.90 |
| 28 | Telia International Carrier (Int'l)<br>Tony Avino<br>95 Cromwell Road London<br>London, SW74DC<br>United Kingdom | Telia International Carrier (Int'l)<br>Tony Avino<br>PHONE: 703-628-3077<br>EMAIL: tony.avino@teliasonera.com | Trade debt | | $118,034.27 | | $118,034.27 |
| 29 | Avant Communications Inc<br>Ron Hayman<br>153 W Ohio Street<br>Suite 500<br>Chicago, IL 60654 | Avant Communications Inc<br>Ron Hayman<br>PHONE: 877-312-2826<br>EMAIL: rhayman@goavant.net | Trade debt | | $113,015.19 | | $113,015.19 |
| 30 | LEL International, Inc.<br>Justin L. Engel<br>c/o Justin L. Engel, Bello Walsh LLP)<br>125 Summer Street, Suite 1200<br>Boston, MA 02110 | LEL International, Inc.<br>Justin L. Engel<br>PHONE: 617-209-5194<br>FAX: 617-247-4125<br>EMAIL: JEngel@bellowelsh.com | Pending litigation | CUD | Undetermined | | Undetermined |

Official Form 204        Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> SINGLE HOP, LLC <br><br><br> Debtor. | Chapter 11 <br><br> Case No. 20-_____ (__) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following is a list of any corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of equity interests in the above-captioned debtor.

| Debtor | Direct owner(s) |
|---|---|
| SingleHop, LLC | Internap Corporation <br> 12120 Sunset Hills Road, Suite 330 <br> Reston, VA 20190 |

**MILBANK DRAFT 3/6/20**
**Privileged and Confidential**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>SINGLE HOP, LLC<br><br><br>Debtor. | Chapter 11<br><br>Case No. 20-_____ (__) |

# LIST OF EQUITY SECURITY HOLDERS

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following is a list of entities holding an interest in the above-captioned debtor.

| Name and Last Known Address or Place of Business of Holder | Nature of Interest Held | Amount of Interest Held |
|---|---|---|
| Internap Corporation<br>12120 Sunset Hills Road, Suite 330<br>Reston, VA 20190 | Membership Interest | 100% |

**Fill in this information to identify the case and this filing:**

Debtor Name __SingleHop, LLC__

United States Bankruptcy Court for the: __Southern__ District of __New York__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __List of Equity Security Holders, Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __03/16/2020__
MM / DD / YYYY

✘ /s/ Michael T. Sicoli
Signature of individual signing on behalf of debtor

Michael T. Sicoli
Printed name

President and CFO
Position or relationship to debtor

Official Form 202    **Declaration Under Penalty of Perjury for Non-Individual Debtors**